Donahue, J.
The sole question for determination here is whether the court of appeals has jurisdiction to review the judgment of the court of common pleas in an error proceeding in a forcible *417 detainer case originating in the municipal court of Cincinnati.
Prior to the amendment of September 3, 1912, the following language relating to the jurisdiction of the circuit court was contained in Section 6, Article IV of the Constitution: “The circuit court shall have like original jurisdiction with the supreme court, and such appellate jurisdiction as may be provided by law.”
On September 3, 1912, Section 6, Article IV of the Constitution, was amended, and now confers appellate jurisdiction on the court of appeals, the successor of the circuit court, in the following language: “The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other- courts of record within the district as may be provided by law * * *.”
This amended section of the constitution of the state does not authorize the legislature to grant any jurisdiction, original or appellate, to the courts of appeals, but on the contrary specifically confers on these courts appellate jurisdiction in the trial of chancery cases, and jurisdiction to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district. The legislature under this amended section has authority to provide the method for perfecting an appeal and the procedure in error cases, but it has no power to enlarge or limit the appellate jurisdiction of courts of appeals.
*418 On April 17, 1913 (103 O. L., 279), the general assembly of Ohio created a municipal court in and for the city of Cincinnati; Section 26 of the act (Section 1558-26, General Code) relates to proceedings in error from the judgments of the municipal court. On February 6, 1914, this section was amended, and there appears this additional language: “In civil cases in which a judgment of more than three hundred dollars has been granted, or being prayed for has not been granted, proceedings in error from a final judgment or order of the court of common pleas of Hamilton County, upon a petition in error from such final judgment or order of the municipal court to the court of common pleas of Hamilton County, may be had as in other cases originating in said court of common pleas, to the court of appeals of Hamilton county.”
It is claimed that this section limits the appellate jurisdiction of the court of appeals to review a judgment of a court of common pleas upon a petition in error to the judgment of a municipal court to civil cases in which a judgment of more than three hundred dollars has been' asked for or granted.
If Section 26 of this act is to be so construed, then it is in direct conflict with the provision of Section 6, Article IV, as amended, which confers upon the courts of appeals jurisdiction to review, affirm, modify, or reverse all judgments of the courts of common pleas. There is no authority on the part of the legislature to limit the jurisdiction of the courts of appeals to any particular class of judgments. It cannot add to or take from the *419 appellate jurisdiction of the courts of appeals now conferred by the constitution.
Under this constitutional amendment the court of appeals has jurisdiction to review the judgment of the court of common pleas in this case, and that court erred in dismissing the petition in error.

Judgment reversed and cause remanded to the court of appeals.

Johnson, Wanamaker, Newman, Jones and Matthias, JJ., concur.